IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

OMAR DARYUSH,             :
                            :
    Petitioner,      :
                            :
vs.                  :
                            :   CIVIL ACTION No. 07-00809-WS-B
DAVID O. STREIFF, *et al.*,   :
                            :
    Respondents.     :

### REPORT AND RECOMMENDATION

Omar Daryush, a native of Pakistan and a citizen of Afghanistan, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1©). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Daryush is no longer in ICE custody, having been released from ICE custody pending deportation.

I.   **FINDINGS OF FACT**

1.  Daryush acknowledges that he is a native of Pakistan, that he entered the United States in 1989, and that he was first taken into ICE custody in October 2004.[1] (Doc. 1). According to Daryush, an

_____

[1]According to Respondents, Petitioner entered the United States with his mother via New York, New York on July 6, 1989. On February 25, 1992, an Immigration Judge denied Petitioner's mother's application for asylum, and Petitioner was ordered

Immigration Judge ordered him removed on September 7, 2005, after denying his petition for asylum. (Id.) Daryush did not appeal the final order of removal to the Board of Immigration Appeals. Subsequent to the final order of removal, Daryush was released from ICE custody on an order of supervision on February 17, 2006.  While on supervised release, Daryush was arrested and charged with Murder in the Second Degree and Robbery.[2]  As a result, on October 10, 2006, Daryush's supervised release was revoked, and he was again taken into ICE custody. (Id., Doc. 8).

2.   On November 16, 2007, Daryush filed the instant petition for writ of habeas corpus, wherein he argues that he is being unlawfully detained in custody more than 6 months following the final order of removal. In addition, Petitioner asserts that his continued detention by ICE violates the provisions of 8 U.S.C. 1231(a)(6) as interpreted by the United States Supreme Court in Zavydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). (Doc. 1). Daryush does not contest the order of removal but instead seeks

_____

excluded from the United States. (Doc. 8). Further, Respondents assert that Daryush was detained by the Nassau County Police Department due to an outstanding ICE warrant and was subsequently placed in ICE custody on October 7, 2004.  Thereafter, the Ocean County, New Jersey Sheriff's Department assumed custody of Daryush as a result of an outstanding  warrant. Daryush was convicted of Offensive Language and upon his release from jail on December 10, 2004, he was returned to ICE custody. On that same day, Petitioner's Motion to Re-open his immigration proceedings, filed November 30, 2004, was granted. (Id.)

[2]It appears that these charges are currently pending in the New York courts.

immediate release from custody under an order of supervision pending deportation and an order enjoining Respondents from any further unlawful detention of his person. (Id. at 16).  According to Daryush, he has cooperated fully with ICE; however, the Government has been unable to remove him to Pakistan or Afghanistan. (Id. at 7; Doc. 10).

3.   In their initial Answer, Respondents argued that because the U.S. government is attempting to repatriate Daryush to Afghanistan, his own act of submitting an application to renounce his Afghani citizenship during the deportation process has hindered the removal process,[3] and that Daryush has failed to carry his burden of showing no significant likelihood of removal in the reasonably foreseeable future. (Doc. 8).   Respondents filed an Amended Response to Daryush's petition on May 6, 2008, wherein they advised the Court that Daryush was released from ICE custody under an order of supervision on April 28, 2008.[4] (Doc. 11). Respondents contend that in light of Daryush's release from Ice custody, his habeas petition is now moot. (Doc. 11).

---

[3]Daryush, however, denies the Government's allegations regarding his Afghani citizenship and asserts that, in fact, he is a native of Pakistan and has never visited Afghanistan. (Doc. 1, p. 7).

[4]The Order of Supervision, signed and acknowledged by Daryush on April 28, 2008, lists his current address as 497 Fenimore Avenue, North Babylon, New York 11703. (Doc. 11, Ex. 1).

II.      CONCLUSIONS OF LAW

1.   "In reviewing a petition for writ of habeas corpus by a
detained alien who is subject to a final order of removal, a
federal district court, pursuant to the authority of 28 U.S.C. §
2241(c)(3), is to gauge whether a particular set of circumstances
amounts to detention within, or beyond, a period reasonably
necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1
(W.D. La. 2006). Where, as here, a § 2241 petitioner has been
released from federal custody pending deportation to his native
country, thereby garnering the relief sought in filing his habeas
corpus petition, the issue becomes whether there is any longer a
live case or controversy or, instead, if the petition has become
moot. See id.

2.   The Eleventh Circuit has observed that "Article III of the
Constitution limits the jurisdiction of the federal courts to the
consideration of 'Cases' and 'Controversies.'"  Soliman v. United
States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation
omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th
Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives
directly from the case or controversy limitation because 'an action
that is moot cannot be characterized as an active case or
controversy.'" Soliman, 296 F.3d at 1242.  Put another way, "a case
is moot when it no longer presents a live controversy with respect

4

to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.    Several district courts have determined that where an alien is released from ICE custody pending removal from the United States, "his petition for habeas relief under Zavydas is moot." He, supra, 2006 WL 1687796, at *1; see also Abdalla v. Ashcroft, 2004 WL 2315089, at *2 (W.D.N.Y. 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D.N.Y. 2004).

4.    Given the extant case law, the undersigned finds that Daryush's petition for habeas corpus relief is now moot because there exists no active case or controversy.  Daryush has been released from ICE custody and is residing in North Babylon, New York.  Thus, this Court can no longer grant Daryush the relief requested in his petition, namely his immediate release from ICE's custody pending his removal from the United States, because this relief has already been afforded him. (See Doc. 11).  Because there is nothing to remedy even if this Court were disposed to do so,

this action should be dismissed without prejudice. <u>Soliman</u>, supra, 296 F.3d at 1243, quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

**III. CONCLUSION**

The undersigned Magistrate Judge recommends that Daryush's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **20th** day of **May, 2008**.

                    **/s/ SONJA F. BIVINS**
                    **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                    /s/ SONJA F. BIVINS
              **UNITED STATES MAGISTRATE JUDGE**